FILED'10 APR 21 17:26USDC-ORP

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

ERNEST DEROSIERS,

        Plaintiff,

v.

HUDSON SPECIALTY INSURANCE COMPANY,

        Defendant.

Civil No. 09-1201-PK

O R D E R

HAGGERTY, District Judge:

Magistrate Judge Papak issued a Findings and Recommendation [26] in this action. The Magistrate Judge recommended denying plaintiff's Motion for Summary Judgment [7], and that other motions regarding the duty to indemnify and for attorney fees may be renewed after discovery. The Magistrate Judge also recommended granting defendant's Motion for Summary Judgment [14] regarding the duty to defend, but denying the motion to the assignment issue.

Plaintiff objects to portions of the Findings and Recommendation, arguing that the Magistrate Judge erred in concluding that:

1. The applicable insurance policy's exclusion for assault and battery is not ambiguous and "applies to claims resulting from an assault or battery, regardless of whether the insured or a patron committed the act." Findings and Recommendation at 10;

2. Enforcing the assault and battery exclusion is not contrary to public policy. Findings and Recommendation at 10-11, and

ORDER -- 1

3.  The assault and battery exclusion was intended to include the insured's negligent actions and that defendant's duty to defend was not triggered. Findings and Recommendation at 11-12.

When a party objects to any portion of the Magistrate Judge's Findings and Recommendation, the district court must make a de novo determination of that portion of the Magistrate's report. 28 U.S.C. § 636(b)(1)(B); *McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc.*, 656 F.2d 1309, 1313 (9th Cir. 1981).

The court has given the file of this case a *de novo* review, and has also carefully evaluated the Magistrate Judge's Findings and Recommendations, plaintiff's objections, and the record of the case. The Findings and Recommendation is well-reasoned, without error, and is adopted in its entirety. The objections are addressed briefly.

**1.  Exclusion for assault and battery not ambiguous**

Plaintiff quotes the Magistrate Judge's acknowledgment that *when read in isolation*, the assault and battery exclusion is not as clear as it could be. The portion of the Findings and Recommendation that is the subject of this objection provides as follows:

> I recognize that the language in Hudson's policy is not as clear as it might be. When read in isolation, the phrase "whether caused by or at the instigation of, or at the direction of, or omission by, the insured, and/or his employees" suggests that the exclusion only applies to actions or inactions of the insured or its employees, not patrons. Here, however, unlike in *ALEA [London Limited v. Woodcock,* 286 Ga. App. 572, 649 S.E.2d 740 (2007)], a liquor liability policy is at issue. Hudson's liability under the policy only arises if the liability is imposed "by reason of the selling, serving or giving of any alcoholic beverage at or from the insured premises." The exclusion thus eliminates coverage for claims based on the selling or serving of alcohol where the insured's or its employees' act or omission caused, instigated or directed an assault or battery. Thus, I find that the exclusion unambiguously applies to claims resulting from an assault or battery, regardless of whether the insured or a patron committed the act.

Findings and Recommendation at 9-10.

ORDER -- 2

Plaintiff objects that the Magistrate Judge overlooked the exclusion's ambiguity and erred because that ambiguity "requires coverage to be afforded." Objections at 1 (citation omitted). The Magistrate Judge fully evaluated the text of the exclusion at issue, and properly concluded that the exclusion unambiguously applies to claims resulting from an assault or battery, regardless of whether the insured or a patron committed the act.

### 2. Exclusion is not contrary to public policy

Plaintiff next objects to the Findings and Recommendation on grounds that its conclusions should be deemed to be contrary to public policy, because the legislature "obviously intended that a liquor liability policy . . . would cover third parties, such as plaintiff[.]" Objections at 2.

The Magistrate Judge addressed this issue thoroughly. The Findings and Recommendation acknowledged that "holders of certain liquor licenses must either maintain a bond or liquor liability insurance for the purpose of providing coverage for injuries suffered by persons by reason of the conduct of intoxicated persons who were served alcoholic beverages on licensed premises while visibly intoxicated." Findings and Recommendation at 10 (internal quotation and citation omitted). Licensees are required to provide proof of compliance at the time the license is issued or renewed, but the statute relied upon by plaintiff does not mandate that liquor liability insurance policies contain certain provisions. "Rather, the statute imposes a burden on liquor licensees, not insurance providers." Findings and Recommendation at 11 (citation omitted). This reasoning is thorough and proper. The related objection is overruled.

### 3. Duty to defend has not been triggered

Finally, plaintiff objects to construing the assault and battery exclusion as excluding the insured's negligent actions. The Findings and Recommendation recognized that the "the assault

ORDER -- 3

and battery exclusion at issue here makes no reference to a particular intent," but instead applies to all "claims 'arising out of' an assault and battery, including those caused by an insured's omission." Findings and Recommendation at 11. The Findings and Recommendation concluded that the exclusion includes negligent acts by the insured because the exclusion extends to assault and battery caused by an omission. *Id.* (citation omitted).

The Findings and Recommendation addressed plaintiff's arguments that his allegations of negligence should have triggered a duty to defend. The Findings and Recommendation properly reasoned that the policy at issue excludes claims "arising out of" assault or battery, and therefore no duty to defend arose in this suit, which is rooted plainly in allegations that Paul Whisenhunt assaulted and injured plaintiff.

## CONCLUSION

The Magistrate Judge's Findings and Recommendation [26] in this action is adopted. Plaintiff's objections [28] are overruled. Plaintiff's Motion for Summary Judgment [7] is denied. Other motions regarding a duty to indemnify or for an award of attorney fees may be renewed after the parties conduct discovery. Defendant's Motion for Summary Judgment [14] is granted regarding the duty to defend, but denied as to the assignment issue.

IT IS SO ORDERED.

Dated this 21 day of April, 2010.

　　　　　　　　　　　　　　　　　／s／ Ancer L. Haggerty
　　　　　　　　　　　　　　　　　Ancer L. Haggerty
　　　　　　　　　　　　　　　　　United States District Judge

ORDER -- 4